**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

**ILLUMINATION STATION, INC., and**
**BERMAN INDUSTRIES, INC.** **PLAINTIFFS**

**v.** **Civil No. 07-3007**

**ANGELA COOK; TOMMY COOK;**
**GRANDVIEW GALLERY, LLC;**
**AARON RENTS, INC.; and**
**HANCOCK FABRICS, INC.** **DEFENDANTS**

**O R D E R**

Now on this 4th day of June, 2007, come on for consideration the following motions:

* **Motion To Dismiss Of Defendants, Angela Cook, Tommy Cook, Grandview Gallery, LLC, And Aaron Rents, Inc.** (document #28);

* **Motion For Leave To File Reply In Support Of Motion To Dismiss Of Defendants, Angela Cook, Tommy Cook, Grandview Gallery, LLC, And Aaron Rents, Inc.** (document #33); and

* **Motion To Issue Initial Scheduling Order Or Set Rule 26(f) Conference** (document #35),

and from said motions, and the response thereto, the Court finds and orders as follows:

1. Plaintiffs' Complaint is set forth in eight counts. Count I alleges copyright infringement in violation of the Copyright Act, **17 U.S.C. §101** et seq.; Count II alleges unfair competition in violation of the Lanham Act, **15 U.S.C. §1125** et

seq.; Count III alleges common law conversion; Count IV alleges common law tortious interference with contractual relations and business expectancies; Count V alleges common law breach of fiduciary duty or duty of loyalty; Count VI alleges violation of the Arkansas Trade Secret Act ("ATSA"), **A.C.A. §4-75-601** et seq.; Count VII alleges common law unjust enrichment; and Count VIII alleges a right to an accounting.

2. Defendants now move to dismiss Counts III, IV, V, VII, and VIII, pursuant to **F.R.C.P. 12(b)(6)**, arguing that these counts are pre-empted by the ATSA, and therefore fail to state a claim upon which relief can be granted. Defendants also contend that plaintiffs failed to state a claim for tortious interference in Count IV and for breach of fiduciary duty or duty of loyalty in Count V.

Plaintiffs concede -- as they must -- that to the extent their state law claims seek recovery based on misappropriation of trade secrets, they are displaced by the ATSA. They argue, however, that those claims are broader than the preemption language of the ATSA, encompassing conduct other than misappropriation of trade secrets.

3. The ATSA provides as follows:

> (a) This subchapter displaces conflicting tort, restitutionary, and other law of this state pertaining to civil liability for misappropriation of a trade secret.
> (b) This subchapter does not affect:
> (1) Contractual or other civil liability or relief

> that is not based upon misappropriation of a trade secret. . . .

**A.C.A. §4-75-602.**

The ATSA defines "trade secret" as

> information, including a formula, pattern, compilation, program, device, method, technique, or process that:
>
> (A) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
>
> (B) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

**A.C.A. §4-75-601(4).**

One form of "misappropriation" under the ATSA is the unconsented disclosure of a trade secret by a person who knew that he had acquired it "under circumstances giving rise to a duty to maintain its secrecy or limit its use." **A.C.A. §4-75-601(2).**

4. It is axiomatic that a complaint should not be dismissed for failure to state a claim unless

> it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. A complaint must be viewed in the light most favorable to the plaintiff and should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations. Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.

**<u>Krentz v. Robertson Fire Protection District</u>, 228 F.3d 897, 905 (8th Cir. 2000)**(internal citations and quotation marks omitted).

In applying this standard to plaintiffs' claims, the Court is mindful of the dictates of **R.K. Enterprises, LLC v. Pro-Comp Management, Inc.**, **356 Ark. 565, 573, --- S.W.3d --- (2004)**, that in applying the ATSA, the Court must "examine whether the claim is based upon the misappropriation of a trade secret. If so, the displaced claim must be dismissed." The Arkansas Supreme Court therein quoted with approval from **Weins v. Sporleder**, **605 N.W.2d 488 (2000)**, "the court is to look beyond the label to the facts being asserted in support of the claims. A plaintiff may not rely on acts that constitute trade secret misappropriation to support other causes of action."

5. The Complaint sets forth factual allegations applicable to all counts, the following of which are relevant to the motion to dismiss:

* that plaintiff Illumination Station, Inc. ("Illumination Station") imports and sells home furnishings;
* that plaintiff Berman Industries, Inc. ("Berman") manufactures lamps and sculpture products;
* that defendants Angela and Tommy Cook ("the Cooks") were sales representatives for Illumination Station;
* that Illumination Station provided the Cooks with access to confidential information, vendor information, product information, pricing information, manufacturer contacts, customer information, and contact information involving

Illumination Station's relationship with Berman, all of which "amounted to Trade Secrets under the Uniform Arkansas Trade Secrets Act";

* that the Cooks also obtained the "names, addresses, telephone numbers, e-mail accounts, and specific order and re-order product and pricing information" on Illumination Station's customers and potential customers;
* that the Cooks prepared "confidential and proprietary Illumination Station spreadsheets" for customers;
* that the Cooks secretly organized a business known as Grandview Gallery, LLC ("Grandview") for the purpose of diverting orders intended for Illumination Station to Grandview;
* that the Cooks, after setting up Grandview, began to withhold information about customer orders from plaintiffs, and eventually resigned;
* that after their resignation, the Cooks refused to convey information about pending orders to Illumination Station, and have used the information for their own gain; and
* that the Cooks have "deliberately and wrongfully" interfered with Illumination Station's contractual relationships with its existing customers and with

prospective customers, including filling orders for Illumination Station's customers with "knock off" products similar to those sold by Berman and Illumination Station.

The types of information allegedly misappropriated by the Cooks can be grouped into several general categories, i.e., vendor information, product information, pricing information, manufacturer contact information, customer contact information, and "spreadsheets" whose content is unspecified. To the extent that Illumination Station made reasonable efforts to maintain the secrecy of such information, the Court believes that it qualifies as trade secrets under the ATSA. It is information that derives value from the fact that only Illumination Station and its agents know it and can use it to further the business objectives of Illumination Station. Indeed, in Count VI plaintiffs pled that the alleged misappropriation of "certain customer lists, customer information, computer information, pricing information, supplier information and other information" amounts to a violation of the ATSA, thus conceding that these categories of information represent trade secrets under the ATSA.

6. Turning to the individual Counts sought to be dismissed, the Court finds that plaintiffs allege in Count III that the Cooks "removed and retained Illumination Station's confidential and/or proprietary information and/or computer files and information."

As in **R.K. Enterprises**, this allegation of conversion "stem[s] from the same acts constituting a violation of the Trade Secrets Act," and the claim for conversion must, therefore, be dismissed. Although plaintiffs claim that the Cooks converted not only information, but the tangible items containing it (product samples, spreadsheets), such items have little -- if any -- intrinsic value apart from their informational content. Thus, the gravamen of their conversion would be the conversion of the information they contain, and that is covered by the ATSA.

Plaintiffs also contend that they may learn through discovery of other tangible items converted by the Cooks, and that they should be allowed to amend their Complaint to so allege. The Court finds that any such amendment should be supported by some actual knowledge developed during discovery, and will entertain a motion to amend to include a count for conversion of tangible items with intrinsic value separate and apart from their informational content, if and when such a motion is made.

7. Count IV alleges that Illumination Station had legitimate contracts and business expectancies with third parties, and that the Cooks and Grandview tortiously interfered with those contracts and expectancies.

Defendants take the position that the "basis" of this Count is that they used trade secrets to tortiously interfere and, therefore, this Count is preempted by the ATSA. They also contend

that plaintiffs failed to state a claim for tortious interference, in that they failed to allege the breach of any particular contract or expectancy as a result of defendants' conduct, and failed to allege intentional interference by defendants.

The elements of a claim for tortious interference are set forth in **Vowell v. Fairfield Bay Community Club, Inc., 346 Ark. 270, 58 S.W.3d 324 (2001):**

> To establish a claim of tortious interference, appellee must prove: (1) the existence of a valid contractual relationship or a business expectancy; (2) knowledge of the relationship or expectancy on the part of the interfering party; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resulting damage to the party whose relationship or expectancy has been disrupted.

Plaintiffs' Complaint, viewed in the light most favorable to plaintiffs, is sufficient to put defendants on notice that this claim is alleged, as required by the notice pleading requirements of **F.R.C.P. 8(a).** Nor does this allegation *necessarily* rely on the alleged acts of misappropriation, although it might so rely. There are other ways for an employee to interfere with contracts or business expectancies than by using trade secrets. Because Count IV is broad enough to encompass a claim of interference that did not arise out of the misappropriation of trade secrets, it is not subject to dismissal on the preemption theory.

8. Count V alleges that the Cooks breached a fiduciary duty or a duty of loyalty to Illumination Station. Defendants contend that this Count is subject to dismissal because the Complaint does

not allege a sufficient basis for this cause of action, in that there was "no employment contract, no confidentiality contract, and no contract not-to-compete." They also suggest that dismissal is appropriate on their preemption argument under ATSA, in that any duty they owed Illumination Station arose by virtue of the transmission of confidential or proprietary information to them.

The first of these contentions is based on an incorrect view of the law. Regardless of the existence of a contract, under Arkansas law an employee owes the employer a duty of loyalty during the term of the employment. **Vigoro Industries, Inc. v. Crisp, 82 F.3d 785, 788 (8th Cir. 1996).** As to the second contention, plaintiffs point out that the Cooks were in a position to divert orders from Illumination Station to Grandview, conduct which would not *necessarily* rely on the use of trade secrets. While any disloyalty that took the form of misappropriation of trade secrets would be preempted by the ATSA, the Court cannot conclude at this stage of the case that plaintiffs can prove no set of facts under which the Cooks violated their duty of loyalty to Illumination Station apart from any misuse of trade secrets. Count V is, therefore, not subject to dismissal on the asserted bases.

9. Count VII alleges that the Cooks unjustly enriched themselves by improperly developing relationships and orders on their own behalf while employed by Illumination Station, and that

they and Grandview should be required to disgorge monies so acquired. As with Counts IV and V, this allegation does not *necessarily* stem from the acts alleged to constitute misappropriation of trade secrets, and dismissal on the basis of the ATSA is not appropriate. In addition, to the extent that the proof may be that any such enrichment *is* related to misappropriation of trade secrets, the Court notes that plaintiffs "may recover for the unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss" under **A.C.A. §4-75-606(b).** See **Pro-Comp Management, Inc. v. R.K. Enterprises, LLC, 366 Ark. 463, --- S.W.3d --- (2006).**

10. Count VIII seeks an accounting for confidential and/or proprietary business information allegedly wrongfully possessed, retained or used by the Cooks. Even giving the Complaint the favorable view required at this stage, the Court finds no basis to conclude that "confidential" and "proprietary" information amounts to anything other than trade secrets. That being the case, Count VIII is preempted by the ATSA and the motion to dismiss as to this Count will be granted.

11. Defendants' motion for leave to file a reply brief will be granted. Defendants need not file an additional copy of this brief, as it was attached to their motion, and has been fully considered.

12. Because of the disposition of the motion to dismiss, a

scheduling order will issue forthwith, making plaintiffs' Motion To Issue Initial Scheduling Order Or Set Rule 26(f) Conference moot, and it will be denied for that reason.

**IT IS THEREFORE ORDERED** that the **Motion To Dismiss Of Defendants, Angela Cook, Tommy Cook, Grandview Gallery, LLC, And Aaron Rents, Inc.** (document #28) is **granted in part and denied in part.**

The motion is **granted** insofar as it seeks dismissal of Count III, alleging conversion, and Count VIII, alleging a right to an accounting, and those claims are hereby **dismissed.**

The motion is **denied** in all other respects.

**IT IS FURTHER ORDERED** that the **Motion For Leave To File Reply In Support Of Motion To Dismiss Of Defendants, Angela Cook, Tommy Cook, Grandview Gallery, LLC, And Aaron Rents, Inc.** (document #33) is **granted.**

**IT IS FURTHER ORDERED** that the **Motion To Issue Initial Scheduling Order Or Set Rule 26(f) Conference** (document #35) is **denied as moot.**

**IT IS SO ORDERED.**

**/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT COURT**