```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   HARRISON DIVISION
```

**ILLUMINATION STATION, INC., and**
**BERMAN INDUSTRIES, INC.**                                  PLAINTIFFS

     v.          Civil No. 07-3007

**ANGELA COOK; TOMMY COOK;**
**GRANDVIEW GALLERY, LLC;**
**AARON RENTS, INC.; and**
**HANCOCK FABRICS, INC.**                                     DEFENDANTS

                         O R D E R

     Now on this 20th day of November, 2007, comes on for consideration plaintiffs' **Motion To Dismiss Counterclaim** (document #42), and from said motion, and the response thereto, the Court finds and orders as follows:

     1.  This case arises out of a business relationship between plaintiff Illumination Station, Inc. ("Illumination Station") and defendant Angela Cook ("Cook"). Plaintiffs contend that defendants violated the Copyright Act, **17 U.S.C. §101** et seq.; engaged in unfair competition in violation of the Lanham Act, **15 U.S.C. §1125** et seq.; tortiously interfered with their contractual relations and business expectancies; breached fiduciary duties; violated the Arkansas Trade Secret Act ("ATSA"), **A.C.A. §4-75-601** et seq.; and unjustly enriched themselves.

     Cook counterclaimed, alleging fraud and violation of the Arkansas Deceptive Trade Practices Act ("ADTPA"), **A.C.A. §4-88-101** et seq., as against both plaintiffs, and unjust enrichment and an action for an accounting against Illumination Station. Cook and

defendant Grandview Gallery LLC ("Grandview") jointly counterclaimed against both plaintiffs, alleging detrimental reliance, promissory estoppel, and tortious interference with contractual relationship and/or business expectancy.

Plaintiffs now move to dismiss the counterclaims for fraud, violation of the ADTPA, and tortious interference, pursuant to **F.R.C.P. 12(b)(6).**

2.   It is axiomatic that a complaint should not be dismissed for failure to state a claim unless

> it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  A complaint must be viewed in the light most favorable to the plaintiff and should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations.  Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.

**Krentz v. Robertson Fire Protection District**, **228 F.3d 897, 905 (8th Cir. 2000)**(internal citations and quotation marks omitted).

3.   The Court turns its attention first to the fraud claim, which is predicated on Cook's allegations that an unidentified agent of Illumination Station forged her signature on an Employment Agreement which first surfaced as an exhibit to plaintiffs' response to defendants' motion to dismiss in this litigation.  Cook alleges that Illumination Station knowingly misrepresented that she had signed this Employment Agreement "with

the intent to impose legal duties and obligations" upon her, and that she "has been and will be forced to defend herself against these allegations in this case out of reliance on the . . . forged Employment Agreement."

Under Arkansas law, five elements must be established to prevail on a claim of fraud:

* a false representation of fact;

* knowledge that the representation is false, or that there is insufficient information upon which to base it;

* intent to induce reliance on the representation;

* justifiable reliance on the representation; and

* damages suffered as a result of the reliance.

**Burgess v. French**, --- Ark. App. ---, --- S.W.3d ---, **2007 WL 2800801 (2007).**

Plaintiffs point out that a claim of fraud must be pled with particularity, pursuant to **F.R.C.P. 9(b),** and contend that Cook's counterclaim for fraud falls short of the pleading standards set by both case law and rules of procedure.

Cook contends that this case falls within the class of cases where fraud can be predicated upon the silence of one with a duty to speak, in that plaintiffs failed to inform her of the allegedly forged Employment Agreement.  See, e.g., **Farm Bureau Policy Holders and Members v. Farm Bureau Mutual Insurance Co. of Arkansas, Inc.**, 335 Ark. 285, 984 S.W.2d 6 (1998).  Cook's

argument on that point does not, however, remedy the essential flaw in her counterclaim for fraud - the failure to sufficiently plead detrimental reliance on the allegedly forged Employment Agreement. Indeed, Cook's position that her signature on the document was forged is logically irreconcilable with her claim of detrimental reliance upon the document. This insuperable bar to relief on the face of the Counterclaim entitles plaintiffs to dismissal of the fraud claim.

4. Plaintiffs also contend that Cook has failed to state a claim for violation of the Arkansas Deceptive Trade Practices Act, asserting that she lacks standing to do so because she is not a "consumer," and because the factual allegations of the Counterclaim do not state a cognizable claim under the ADTPA.

Like the fraud counterclaim, Cook's counterclaim for violation of the ADTPA is predicated upon the allegedly forged Employment Agreement, which was first exhibited in connection with a brief filed in this litigation. There is no allegation that the Employment Agreement played any part in the business dealings between the parties, or in their business dealings with customers, and indeed, Cook takes the position that she did not know of the existence of a signed Employment Agreement until it was attached as an exhibit to a filing in this litigation.

As plaintiffs point out, the ADTPA exists to protect consumers of goods and services, not to regulate the conduct of

parties in lawsuits. Even the most general catchall provision of the ADTPA, making it unlawful to engage in "any other unconscionable, false, or deceptive act or practice in business, commerce, or trade," **A.C.A. §4-88-107(a)(10)**, by its terms requires that the conduct occur in connection with "business, commerce, or trade," not in connection with litigation. The Court finds, therefore, that plaintiffs are entitled to dismissal of Cook's claim for violation of the ADTPA.

5.   Finally, plaintiffs move for dismissal of the claim of tortious interference with contract or business expectancy, leveled against them by both Cook and Grandview.

The elements of a claim for tortious interference are set forth in **Vowell v. Fairfield Bay Community Club, Inc., 346 Ark. 270, 58 S.W.3d 324 (2001)**:

> To establish a claim of tortious interference, appellee must prove: (1) the existence of a valid contractual relationship or a business expectancy; (2) knowledge of the relationship or expectancy on the part of the interfering party; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resulting damage to the party whose relationship or expectancy has been disrupted.

In addition, the interference must be improper. **Mason v. Wal-Mart Stores, Inc., 333 Ark. 3, 969 S.W.2d 160 (1998)**.

The Counterclaim alleges that while Cook was still in a business relationship with Illumination Station, she advised Berman that her relationship with Illumination Station was

strained.  It then alleges that Berman induced Cook to end her relationship with Illumination Station by telling her it would continue to do business with her and with Grandview - even proposing a three-way business relationship between Berman, Grandview, and Cook.  It further alleges that at Berman's urging, Cook - on behalf of Grandview - accepted an order from Aaron Rents for Berman product, but that Berman then refused to fill the order because of the actions of Illumination Station.

This confusing claim might be summarized by saying that Cook alleges (a) that Berman tortiously interfered in her relationship with Illumination Station, and (b) that Illumination Station tortiously interfered in her relationship with Berman, while Grandview alleges that Illumination Station tortiously interfered in its business relationship with Berman.  Although the Court is not amused by this game of "who's cheating who," it cannot say - in the context of a motion to dismiss - that none of these claims has merit.  What it can say is that there is no claim stated that Berman tortiously interfered with any business relationship of Grandview, and that claim will be dismissed.

**IT IS THEREFORE ORDERED** that plaintiffs' **Motion To Dismiss Counterclaim** (document #42) is **granted in part and denied in part**.

The motion is **granted** as to those portions of the Counterclaim alleging fraud and violation of the Arkansas Deceptive Trade Practices Act on the part of plaintiffs, and those

claims are **dismissed.**

The motion is also **granted** as to that portion of the Counterclaim alleging that Berman Industries, Inc., tortiously interfered with any contract or business expectancy on the part of Grandview Gallery, LLC., and that claim is **dismissed.**

The motion is **denied** in all other respects.

**IT IS SO ORDERED.**

   **/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT COURT**